TRINA JONES,

        Plaintiff,

                              Case No. 26-cv-790-pp

   v.

AURORA SINAI MEDICAL CENTER,

        Defendant.

**ORDER ADOPTING JUDGE JOSEPH'S RECOMMENDATION (DKT. NO. 4) AND DISMISSING CASE**

On May 4, 2026, the plaintiff—who is representing herself—filed a complaint alleging that she suffered negligent medical treatment while in the defendant's care. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. Magistrate Judge Nancy Joseph granted the plaintiff's motion to proceed without prepaying the filing fee, screened the complaint and determined that it did not state a claim for relief. Dkt. No. 4. Judge Joseph recounted that although the plaintiff had not identified what legal claim she was bringing, the complaint described state law negligence and medical malpractice claims. Id. at 3. Judge Joseph explained that federal courts are courts of limited jurisdiction and can hear only claims for a violation of federal law or claims that are brought against a citizen of a different state than the plaintiff. Id. Because the complaint brought only state law claims and both the plaintiff and the defendant are citizens of Wisconsin,

Judge Joseph recommended that this Article III court dismiss the complaint without prejudice for lack of subject matter jurisdiction. Id. at 3–4.

After Judge Joseph issued her recommendation, this court issued an order informing the plaintiff that by June 9, 2026, she could file a written objection to the recommendation. Dkt. No. 6. The court mailed that order to the plaintiff at the address she provided in her complaint. Dkt. No. 1. The order was not returned to the court as undeliverable and the court has no reason to think the plaintiff did not receive it. The deadline for the plaintiff to object has passed, and the court has not received any objection from the plaintiff.

After reviewing a magistrate judge's report and recommendation, a district court judge may accept, reject or modify, in whole or in part, the findings or recommendations the magistrate judge made in the report. Federal Rule of Civil Procedure 72(b). If a party objects to any part of the report, the district court must review those parts of the report de novo (in the first instance, without giving deference to the magistrate judge's findings). Id.

The court has not received any objection from the plaintiff. The court has reviewed Judge Joseph's report and finds that neither the report nor the recommendation is clearly erroneous. The complaint alleges that the plaintiff was admitted to Sinai Medical Center on July 7, 2025 after being found unresponsive in her vehicle. Dkt. No. 1 at 2. The plaintiff alleges that she subsequently developed a "pressure sore" on her left heel which the defendant's wound care team "attempted to treat . . . to no avail." Id. at 2–3. She alleges that she needed surgery to treat the injury, which "set [her] back some months

2

in gaining mobility again." Id. at 3. She asserts that the defendant is "trying to cover up [its] negligence by placing false allegations on my behalf in [their] medical records" and that she "could have lost [her] foot." Id. Judge Joseph did not err in concluding the plaintiff's claims are state tort law claims, not federal law claims.

Judge Joseph correctly explained that federal courts are courts of limited jurisdiction. Federal courts have the authority to consider and decide lawsuits between citizens of different states, if the amount in controversy is more than $75,000—this is called "diversity jurisdiction." 28 U.S.C. §1332. Federal courts also have the authority to consider and decide cases that involve violations of federal laws or the federal Constitution—this is called "federal question" jurisdiction. 28 U.S.C. §1331. Federal courts cannot consider and decide lawsuits alleging violations of state law unless the plaintiff lives in a different state from every defendant (and the amount of claimed damages exceeds $75,000), or unless the state-law claims relate to a federal claim. Judge Joseph did not err in concluding that this court lacked diversity jurisdiction because the complaint states that the plaintiff is a citizen of Wisconsin and the defendant is a Wisconsin-based hospital. Judge Joseph did not err in recommending that this Article III court dismiss the complaint for lack of subject matter jurisdiction.

Nor did Judge Joseph err in recommending dismissal without giving the plaintiff leave to amend the complaint. Although district courts generally give a civil plaintiff at least one opportunity to amend her pleadings, the court need

3

not do so "when 'it is certain' that amendment would be futile." See <u>Fields v.</u> <u>Miller</u>, Case No. 21-1419, 2022 WL 1011666, at *3 (7th Cir. Apr. 5, 2022) (citing <u>Runnion *ex rel.* Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.</u>, 786 F.3d 510, 519–20 (7th Cir. 2015)). Judge Joseph correctly concluded that amendment would be futile because the court does not have jurisdiction over the plaintiff's claims.

The court **ADOPTS** Magistrate Judge Joseph's report and recommendation. Dkt. No. 4.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 7th day of July, 2026.

**BY THE COURT:**

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**

4